316 So.2d 819 (1975)
Alfreda WYBLE, Plaintiff-Appellee,
v.
ST. PAUL FIRE AND MARINE INSURANCE CO. et al., Defendants-Appellants.
No. 5091.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1975.
*820 Ware & Bertrand, by Ronnie J. Bertrand, Rayne, for defendants-appellants.
Dubuisson, Brinkhaus, Guglielmo & Dauzat, by James T. Guglielmo, Stephen J. Ledet, Jr., Opelousas, for plaintiff-appellee.
Louis B. Viviano, Opelousas, for defendant-appellee.
Before FRUGÉ, DOMENGEAUX and WATSON, JJ.
FRUGÉ, Judge.
Defendant, St. Paul Fire and Marine Insurance Company, appeals a judgment awarding the plaintiff, Alfreda Wyble, damages for injuries sustained by her in an accident allegedly caused by the defendant's insured. The plaintiff has answered the appeal. We amend the judgment of the trial court to increase the amount of expert fees awarded. In all other respects the judgment is affirmed.
This suit arose out of an automobile accident which occurred on February 22, 1971, in Opelousas, Louisiana. The plaintiff brought this action against St. Paul.[1] A third party demand was made by St. Paul against Nora Stoute, the driver of the car in which the plaintiff was a guest passenger at the time of the accident. At the time of the trial, St. Paul admitted liability and coverage up to $100,000 for any injuries sustained by the plaintiff as a result of the February 22 accident. Plaintiff sought damages consisting of physical pain and suffering in the amount of $25,000, mental anguish, nervousness, shock, anxiety, and inconvenience in the amount of $25,000, permanent disability and impairment of bodily functions in the amount of $25,000, loss of past and future earnings in the amount of $10,000, and past and future medical expenses in the amount of $5,000. Judgment was rendered in favor of the plaintiff in the amount of $50,000, plus medical expenses of $1,472.57.
The plaintiff claimed injuries to her head, rib cage, cervical area, left arm and shoulder, both knees, and phychiatric disabilities caused by the accident. After reviewing the evidence presented to him, the trial judge found that the plaintiff suffered as a result of the accident injuries to both knees and an aggravation of schizophrenia, a condition which existed prior to the accident. He further concluded that these injuries were permanent. The defendant argues on appeal that the recurring swelling and pain in the plaintiff's left knee and the schizophrenia cannot be reasonably attributed to the accident. Alternatively, the defendant argues that the amount of the award is so great as to constitute an abuse of discretion on the part of the trial judge.
We deal first with the defendant's contentions. With reference to the left knee the defendant contends that any suffering by the plaintiff was not caused by the accident which is the subject of this suit. However, the defendant did not introduce any evidence at the trial to support its position in this matter. On the other hand, the plaintiff introduced in deposition form the testimony of Dr. Seldon J, Deshotels, a general surgeon in Opelousas, who first saw the plaintiff on the day of the accident. He testified that within a few days after the accident the plaintiff complained of pain in her left knee, and that on February 27, he found evidence of hematomas in both knees. His testimony with reference to the causal relationship between the accident and the injury to the plaintiff's left knee is supported by the deposition of Dr. R. Luke Bordelon, an orthopaedic surgeon in Opelausas, who saw *821 the plaintiff at the request of Dr. Deshotels. Dr. Bordelon stated under cross-examination that the plaintiff had chondromalacia in the left knee and that the condition could have been in both knees prior to the accident. But he concluded that there must have been some aggravation caused by the accident, if in fact the condition had preexisted the accident.
With regard to the schizophrenia, the defendant contends that it was not aggravated by the accident and, alternatively, that it is once again in remission and no permanent effects can be reasonably attributable to the accident. These contentions are not supported by the record before us. The deposition of Dr. David B. Regan, a practicing psychiatrist in Lafayette who examined the plaintiff, indicates that he was satisfied that there was a causal relationship between the symptoms following the accident and the accident itself. He stated that the plaintiff, who had suffered from schizophrenia earlier in her life, was in a period of remission for a period of years before the accident with no medication and following it she was in remission only because she was on medication. No evidence was introduced by the defendant to contradict or refute the testimony of Dr. Regan.
Our reading of the record indicates that there is adequate proof contained therein to support the trial judge's conclusions with reference to the damages for which he has made an award. As noted by the trial judge in his written reasons for judgment, the defendant relied solely on the arguments of counsel and not on the testimony of doctors, experts, or lay witnesses to attack the testimony presented by the plaintiff at the trial. The trial judge found that the testimony presented by the plaintiff established a prima facie case which was not contradicted by the defendant. The trial judge rendered his judgment accordingly. We find no error in the findings of the trial judge with respect to the damages suffered by the plaintiff.
Alternatively, the defendant contends that the award in this case is excessive. In order to change an award of damages we must find an abuse of the broad discretion of the trial judge in determining quantum. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967). We have carefully reviewed the record in this case and the authorities cited by counsel, and find no abuse of discretion.
The plaintiff has answered the appeal alleging error on the part of the trial judge in failing to recognize any injury to the neck and cervical area and in failing to award damages for loss of future income. In addition, the plaintiff askes for an increase in the award of general damages.
The trial judge rejected the plaintiff's claim for an award based on the alleged injuries to her neck and cervical area because he felt that she had failed to prove adequately a causal relationship between the accident and her complaints of pain in these areas. The expert testimony indicates degenerative disc disease is the cause of the complaints by the plaintiff.
The trial judge rejected the plaintiff's claim for an award of damages for loss of future income on a finding that the claim was conjectural. While she indicated in her testimony that she was looking into the possibility of working, the trial judge found that the plaintiff had not made any definite employment arrangements. The support in the record for this conclusion is more than adequate. The plaintiff stated that she had been told by her nephew that his employer was in need of a babysitter. However, no agreement was entered into and the plaintiff testified that the subject was not discussed further. Our review of the record reveals no error on the part of the trial judge in denying the plaintiff's claims in these areas.
With reference to the claim of the plaintiff that the general damage award is inadequate we note our discussion above of *822 the broad discretion granted to the trial judge in determining quantum and our finding that there has been no abuse of this discretion in the present case.
The plaintiff in her answer to the appeal has asked for an increase in the expert fees, which the trial judge set at $25.00 for each expert. We are of the opinion that there has been an abuse of discretion in the fixing of these fees because of the amount of time spent by the experts testifying and because of the degree of skill required of them to testify in their individual areas of expertise. Therefore, we will amend the judgment to increase the amount of expert fees to $75.00 for each of the five experts.
For the reasons assigned, the judgment of the trial court is affirmed except as to the fixing of expert fees. The judgment is amended to fix the expert fees to be assessed as court costs at $75.00 for each of the five experts who testified in connection with this litigation. All costs are assessed against the defendant-appellant. Affirmed as amended.
NOTES
[1] St. Paul's insureds were also originally sued but were dismissed by the plaintiff when St. Paul admitted liability and coverage up to the amount of $100,000.