CUTRER, Judge.
This is an appeal by defendants and a third party defendant from a judgment holding them liable for injuries to plaintiff allegedly inflicted on him by a gunshot fired by a police officer acting in the course and scope of his employment with the City of Bunkie. As hereinafter *37 amended, the judgment of the district court is affirmed.
This suit was filed on January 10, 1973, by plaintiff, James Dunbar, against the following defendants: Earl Griffin*; his employer, the City of Bunkie (hereinafter sometimes referred to as “Bunkie”); the City’s insurer, United States Fidelity and Guaranty Company (hereinafter sometimes referred to as “Fidelity”); and Warren Constant, Jasper Candella, Marvin Lilad-hal, Fred Feeney, Russell Vanchiere and Frank Gallerson, individually and/or as officers of the City of Bunkie. Plaintiff alleged in his petition that on or about January 10, 1972, while acting in the course and scope of his employment as a police officer for the City of Bunkie, Griffin negligently inflicted a gunshot wound on plaintiff. Plaintiff alleged negligence on the part of Bunkie and its executive officers in failing to afford Griffin the proper training necessary for him to fulfill the duties he could foreseeably be expected to perform in the course of his employment as a police officer. Plaintiff further alleged that Bunkie had a policy of insurance in effect at the time of the incident with Fidelity which covered the actions of Griffin. As a result of the negligent acts of defendants, plaintiff alleged that he suffered severe physical pain prolonged hospitalization and permanent disability, and he alleged damages totaling $220,000.00. Defendants answered with a general denial, except as to insurance coverage in favor of Bunkie, coupled with the pleading of facts which amounted to justification for the actions of Griffin. Alternatively, pleas of contributory negligence and assumption of the risk on the part of plaintiff were made. Subsequently, a third party demand was filed by Bunkie and Fidelity against American Home Assurance Company (hereinafter sometimes referred to as “American Home”) alleging that American Home had issued a policy of insurance in favor of the Bunkie Police Department which covered the actions of Griffin. Bunkie and Fidelity alleged that American Home was liable for all or part of the principal demand, should they be held liable to plaintiff.
An intervention was filed by the State of Louisiana, through the Louisiana Health and Human Resources Administration. The petition alleged that plaintiff or defendants were indebted to intervenor in the amount of $4,520.81 for medical services rendered to plaintiff in connection with the injuries referred to in plaintiff’s petition. In addition intervenor filed a lien and privilege on any sum collected by plaintiff in the suit, in accordance with LSA-R.S. 9:4751^1755.
Exceptions of no cause of action, no right of action, prescription and laches were filed by defendants as to the intervention filed by the Louisiana Health and Human Resources Administration. These exceptions were referred to the merits, and subsequently overruled by the trial judge when he granted the demands of interve-nor. No appeal has been taken as to these issues and the judgment as to these exceptions has become final.
A third party demand was filed by American Home against Fidelity alleging primary insurance coverage by Fidelity’s policy, and alternatively that the two policies were joint policies so that each company was liable for one-half of the total award, subject to the limits of the two policies.
Following a trial on the merits, the trial judge gave written reasons for judgment in which he reached the following conclusions: that Griffin was not justified in shooting plaintiff and that his actions constituted negligence; that Griffin had • not been adequately trained for his job as a police officer; that no showing had been made of negligence on the part of the mayor and aldermen of Bunkie; that *38 plaintiff had suffered damages in the total amount of $50,000.00; and that both insurance companies were liable for the negligence of their insureds in the amount of $25,000.00 each. A formal judgment was signed by the trial judge August 1, 1975. From that judgment appeals have been prosecuted by Bunkie, Fidelity and American Home.
The first issue raised on appeal involves the findings of fact by the trial judge. Appellants contend that the trial judge erred in finding that the actions of Griffin were not justified. They argue that Griffin was confronted with a potentially dangerous situation. The events took place in a crowded bar with dim lighting. Plaintiff had just been placed under arrest for a battery committed in front of three police officers, including Griffin. Plaintiff had started moving back away from the officers declaring that he would not allow them to arrest him. At this point Griffin drew his weapon and fired at plaintiff, wounding him in the abdominal region. Appellants argue that under the circumstances Griffin had to assume that plaintiff was armed with a weapon and about to use it to prevent his arrest.
Eight witnesses testified as to the events leading up to the shooting of the plaintiff, and each witness told a story that varied somewhat from the other stories told. There was a conflict as to what transpired before the shooting and as to the physical actions of the plaintiff just before he was shot. The trial judge accepted the following version of what took place:
“Earl Griffin went to the night club in question . . . in a police car. He left the car with the motor running and the keys in the switch; he went inside, ordered drinks, partook of alcoholic beverages and danced. When a patron observed to others that he should not be doing this in uniform, Griffin struck this man twice. (See testimony of Willie Garner). While Griffin was inside, the Plaintiff allegedly removed the keys from the police car, which Griffin had left outside, unattended, .... While petitioner denied this, the court accepts the testimony of Otis Frazier on this point. Otis Frazier gave the information about the keys to Griffin; he went to Dunbar for his keys. Dunbar was at a table with several friends; he denied having Griffin’s keys and after some words, offered to let Griffin search him. Petitioner and some of his friends left the place as Griffin called the police department to report his keys being taken. Two white policeman [sic] came to the night club, John Daigrepont and Eldred Desselle. After they had talked to Otis Frazier, these two decided to go get Petitioner at his home and to bring him back to the club. They told Petitioner they had an eye witness to his taking the keys. When they brought Petitioner back to the club they faced him with Frazier, who again repeated, he had seen Petitioner remove the keys from Griffin’s police car. Thereupon, Petitioner called him, Frazier, a lier, struck him with his fist and knocked him out. Daigrepont testified that he then told Petitioner he was under arrest. Desselle testified that it was Griffin who told Petitioner he was under arrest. He also testified that Petitioner pushed Griffin and said, ‘You won’t take me’, and then he heard the shot. Several witnesses testified Petitioner had his hands up as Griffin faced him. Daigrepont testified: T lost sight of his hands; it worried me . his hands went down, and the shooting followed.’ With three policemen there, with drawn guns, and petitioner totally unarmed, there was no legal justification for Griffin’s shooting him.”
Credibility is an important aspect in the analysis of the evidence presented in this case. The wide variance of the testimony presented at the trial level made it imperative for the trial judge to determine the credibility of the various witnesses and *39 make his findings of fact according to his conclusions as to credibility. We find no manifest error on the part of the trial judge in his findings of fact. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The next issue raised on appeal involves the damage award, $50,000.00. Appellants argue that the award is excessive for the type injury suffered by plaintiff. Plaintiff was shot in the abdomen, the bullet hitting the cecal area, the first part of the large intestine where the small intestine drains into the large intestine. This portion of the intestine was hooked to the skin and attached to a tube so that waste material could pass to the outside of the body and thereby prevent contamination of the area surrounding the wound. The initial exploratory operation, which included the above-described procedure, required a large mid-line incision of the abdomen and a smaller incision on the side of the abdomen to begin the drainage of waste material from plaintiff’s abdominal region. After a few days plaintiff’s intestinal activity should have improved but did not. He also had some fever. A second operation was required to determine if plaintiff had developed an abscess in the region of the wound. It was learned that an obstruction was present in the intestine which required removal. This necessitated a third operation to remove a kink in the intestine which was causing the obstruction. A long tube we threaded through the plaintiff’s intestine to make sure there was a passage through it. This tube was subsequently removed once the doctors were certain plaintiff had regained intestinal activity. A subsequent operation was required to close the opening in his side through which waste material had been passing since plaintiff’s initial operation. Within a few hours of this operation, however, plaintiff went into shock. The incision was reopened for exploration to determine what had caused him to go into shock. It was learned that plaintiff had a nucosal bleeder along the area that had been closed in the intestine/ This was repaired and plaintiff was subsequently discharged from the hospital.
The record indicates plaintiff sustained very serious injuries as a result of the gunshot wound. He was hospitalized twice and underwent five major surgical procedures. In addition to the above-described injuries to plaintiff’s abdominal region, he suffered an injury to a nerve leading to one of his legs, which has resulted in a twenty percent permanent partial disability. We find that appellants have failed to sustain their burden of proving any abuse of the much discretion left to the judge in the assessment of damages under LSA-C.C. article 1934(3). Wyble v. St. Paul Fire and Marine Insurance Co., 316 So.2d 819 (La.App. 3rd Cir. 1975).
The final issue raised on appeal involves the language of the formal judgment. It does not conform to the results clearly intended by the trial judge’s written reasons. We amend the judgment to conform with the views expressed by the trial judge in his written reasons for judgment and the views expressed in our foregoing opinion, as follows: It is hereby ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, James Dunbar, and against the defendants, the City of Bunkie and United States Fidelity and Guaranty Company, in solido, in the sum of TWENTY-FIVE THOUSAND AND No/100 ($25,000.00) DOLLARS, together with legal interest thereon from the’ date of judicial demand until paid. It is further ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, James Dunbar, and against defendant, the City of Bunkie, for an additional sum in the amount of TWENTY-FIVE THOUSAND AND No/100 ($25,000.00) DOLLARS, together with legal interest thereon from the date of judicial demand until paid.
It is further ORDERED, ADJUDGED AND DECREED that there be judgment *40 herein in favor of the City of Bunkie on its third party demand against American Home Assurance Company for the sum of TWENTY-FIVE THOUSAND AND No/100 ($25,000.00) DOLLARS, together with legal interest thereon from the date of judicial demand until paid.
It is further ORDERED, ADJUDGED AND DECREED that there be judgment in favor of intervenor, the State of Louisiana, through the Louisiana Health and Human Resources Administration, and against plaintiff, James Dunbar, in the sum of FOUR THOUSAND, FIVE HUNDRED TWENTY AND 81/100 ($4,520.-81) DOLLARS. Costs are assessed one-half (i/2) against defendants, the City of Bunkie and United States Fidelity and Guaranty Company, and one-half (i/¿) against third party defendant, American Home Assurance Company. In all other respects, the judgment of the trial court is affirmed. All costs of this appeal are taxed against appellants.
Affirmed as amended.

 Griffin died prior to trial and no substitution of party-defendant is reflected by the record.